| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>150 Broadway, Suite 808<br>New York, NY 10038<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Omar Deflorimonte,**<br><br>                          **Plaintiff,**<br>v.<br><br>**City of New York, NYPD Officers John Does 1 through 10, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown).**<br>                          **Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:14-CV- 6743 |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and New York City Police Officers John Does 1 through 10, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for the John Doe's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

1

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

**DEMAND FOR A JURY TRIAL**

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

**PARTIES**

5. Plaintiff Omar Deflorimonte ("Plaintiff" or "Mr. Deflorimonte") is a resident of Kings County in the City and State of New York.

6. Plaintiff Omar Deflorimonte is a twenty five (25) year old man of Guyanese descent without any criminal record. Indeed, the Incident which is the subject of the Instant lawsuit represents Plaintiff's very first arrest.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on July 14 & July 15, 2012. The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

9. The Incident which is the subject of the instant Complaint took place at or about 11PM on July 14, 2012, in Brooklyn, NY at or near Winthrop Street between Rogers Avenue and Bedford Avenue.

10. At the above mentioned time and place, heading to a party taking place in the neighborhood.

11. Plaintiff entered the party and then came back out to let his friends know that they could attend as well.

12. Once back on the sidewalk, an NYPD Offcer grabbed Plaintiff by the arm, kneed him in the groin, pushed him up against a fence and put him in a headlock.

13. Next, another NYPD Officer tackled Plaintiff from behind and tried to choke him.

14. Plaintiff was then handcuffed and frisked.

15. Because the impermissible frisk of Plaintiff did not reveal and drugs or contraband, the NYPD Officers became frustrated and agitated, questioning Plaintiff, "You don't have anything on you?'

16. In response, Plaintiff replied, "No, you just frisked me."

17. One of the NYPD Officers then accused Plaintiff of smoking marijuana and accused Plaintiff of throwing the marijuana inside of his friend's car.

18. However, the NYPD Officers' impermissible search of Plaintiff's friend's car did not reveal any marijuana or contraband either.

19. Subsequently, Plaintiff was frisked two more times and said frisks did not reveal any drugs or contraband.

20. The NYPD Officers then called for "back-up" and approximately eight (8) more officers descended on the scene.

21. Plaintiff was transported to a police precinct for processing where he spent approximately six (6) hours.

22. Thereafter, Plaintiff was transported to Brooklyn Central Booking where he spent about fifteen (15) hours.

23. At arraignment, Plaintiff learned that he had been charged with violating NY PL 205.30, Resisting Arrest; NY PL 110-215.40, Attempted Tampering with Physical Evidence and NY PL 195.05. Obstructing Governmental Administration.

24. Plaintiff was released on his own recognizance and on his next court date, the matter was adjourned in contemplation of dismissal.

25. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and physical pain – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

29. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and physical pain  – all to his detriment.

## SECOND CLAIM
*False Arrest*

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
*Failure to Intervene*

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

35. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments when they used excessive force against Plaintiff when they kneed him in the groin, placed him in a headlock and tried to choke him.

39. The amount of force used against Plaintiff was wholly unnecessary and unreasonable especially in light of the fact that Plaintiff was unarmed and had no weapons or contraband on his person.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
*MONELL CLAIM*

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

43. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

44. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

45. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

46. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

47. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

48. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed

and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

49. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

50. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

51. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

52. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and pain to his wrists which included red marks – all to his detriment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.


Dated: November 17, 2014
New York, NY

        **s/Michael J. Redenburg_____**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
150 Broadway, Suite 808
New York, NY 10038
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)